UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIYING TAO,

          Plaintiff,

    v.

CHRISTOPHER MORELAND, et al.,

          Defendants.

Case No. 26-cv-06240-TSH

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)**

## I.    INTRODUCTION

Plaintiff Liying Tao initiated this lawsuit by filing a complaint (ECF No. 1) and application to proceed in forma pauperis (ECF No. 2).  For the reasons stated below, the Court **GRANTS** the application but finds the complaint deficient under 28 U.S.C. § 1915(e).  No later than July 31, 2026, Plaintiff must file a first amended complaint curing the deficiencies identified in this screening order.  The Court advises Plaintiff that failure to cure these deficiencies could lead to dismissal of this case.

## II.    BACKGROUND

Plaintiff names as Defendants Christopher Moreland, East Bay Community Law Center (EBCLC), Kobre & Kim LLP, Michael K. Ng, Nicholas A. Ickovic, and Does 1–20. Compl. at 1, 3, ECF No. 1.  She alleges this is a "protective" federal civil rights action seeking declaratory relief and emergency injunctive relief related to post-judgment enforcement activities arising from a disputed attorney-fee judgment entered in Alameda County Superior Court case RG21086206, *Tao v. Moreland*. *Id.* at 1.  Plaintiff states she does not ask the Court to reverse the state judgment but contends that continued enforcement of a later attorney-fee judgment rests on a

United States District Court
Northern District of California

United States District Court
Northern District of California

constitutionally defective factual record and unresolved due process violations. *Id.* at 1-2. Plaintiff invokes federal-question jurisdiction and alleges deprivations of due process, meaningful access to appellate review, property rights, notice, hearing rights, and language-access protections. *Id.* at 4.

Plaintiff resides in Berkeley, California, and was self-represented during many post-judgment enforcement proceedings. *Id.* at 3, 16. She alleges the underlying jury trial concerned nuisance-related issues involving Moreland as a tenant/occupant. *Id.* at 3, 5. She alleges procedural irregularities in discovery and evidence handling, including that a requested pretrial property inspection by her representatives and a qualified ballistic expert was not meaningfully completed, that inspection of Moreland's unit occurred without her presence, that carpeting and underlying flooring were not fully examined, and that conclusions concerning alleged bullet-related evidence were presented to the jury without a qualified ballistic foundation. *Id.* at 8-9. Plaintiff alleges her own photographs and police-related evidence were not fairly presented, impairing her opportunity to challenge disputed physical evidence. *Id.* She further alleges disputed factual issues remained unresolved at trial, including rent disputes, alleged forged rent receipts, property damage, and safety concerns related to gunfire, and that she repeatedly sought production of original rent receipts for forensic review while maintaining that rent remained unpaid during periods reflected in the disputed receipts. *Id.* at 6.

Plaintiff alleges the underlying jury trial and subsequent judgment involved only a nuisance-based claim and did not involve a contractual attorney's fees claim or determine she was contractually liable for Moreland's attorney's fees; instead, the court entered a separate attorney's fees judgment for $230,637.57. *Id.* at 5, 10, 12. She alleges Moreland entered into a lease with a prior property owner, that Plaintiff never signed that lease, that no agreement transferred contractual attorney-fee obligations to her, and that the attorney's fees judgment rests on issues not decided by the jury. *Id.* at 5, 11. Plaintiff alleges Moreland was the beneficiary of the attorney fee judgment, and that EBCLC became the assignee or claimed beneficiary of the judgment. *Id.* at 3, 7, 15. She further alleges multiple attorneys from Kobre & Kim LLP, including California attorneys Michael K. Ng and Nicholas A. Ickovic and several out-of-state attorneys, participated

in enforcement efforts. *Id.* at 3, 16.

Regarding assignment and enforcement, Plaintiff alleges significant procedural irregularities occurred, including initiation of enforcement activity in May 2025; that she filed an Objection to Assignment and Enforcement of Judgment on or about May 27, 2025; and that docket entries identified EBCLC as "Assignee," creating confusion over control of enforcement; and that her attempts to challenge enforcement through filings were not consistently recognized or reflected in court records. *Id.* at 6-7, 13. Plaintiff alleges she learned after the fact that an Acknowledgment and Assignment of Judgment was executed around December 9, 2024, identifying EBCLC as assignee and Kobre & Kim LLP as counsel, and she first learned of the assignment and enforcement communications from Kobre & Kim LLP around May 15, 2025. *Id.* at 7, 15. Plaintiff alleges that out-of-state attorneys participated in enforcement on a pro hac vice basis and that she objected to their involvement and raised concerns regarding standing, assignment authority, interpreter access, and timing of enforcement. *Id.* at 3, 15.

Plaintiff further alleges that Alameda appellate matters became "fragmented across multiple case numbers, including 22AP015491, 23AP027774, 23AP034579, 24AP089871, 25AP144551 through 25AP144554, and 26AP176359"; that there are missing records across these case and omissions and inconsistencies in appellate dockets and clerk's transcripts; and there was confusion caused by orders that, in her view, merged or conflated issues from the original nuisance judgment with those arising from a later amended judgment imposing attorney's fees of $230,637.57. *Id.* at 10-12, 18. Plaintiff alleges she did not receive clear notice of appellate case 26AP176359 until May 21, 2026, and that certified records for that appeal appeared to begin on September 16, 2025, while earlier May 2025 enforcement filings referenced in registers were not included in the materials she received. *Id.* at 12-13.

Plaintiff alleges repeated efforts beginning no later than June 16, 2025 to notify the Alameda County Superior Court of missing docket entries and filing irregularities, including submissions via One Legal and other methods, and that significant filings were omitted or inconsistently reflected while enforcement continued. *Id.* at 13-14. Plaintiff alleges interpreter-access issues due to limited English proficiency and that remote proceedings and lack of an

official Cantonese interpreter impeded her participation. *Id.* at 16.

As relief, Plaintiff seeks temporary, preliminary, and permanent injunctive relief restraining enforcement of the disputed attorney-fee judgment pending review of due process and record-integrity issues, declaratory relief concerning alleged due process violations tied to missing filings and unclear enforcement authority, and permission to supplement exhibits and supporting materials. *Id.* at 4, 18.

### III.    IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1).  Plaintiff submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the application that the listed assets and income are insufficient to enable payment of the fees.  Accordingly, the Court **GRANTS** the application to proceed in forma pauperis.

### IV.    SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.    Legal Standard**

A court must dismiss an in forma pauperis complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(i)-(iii).  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).  As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In making this determination, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted).  The Court must also "construe a pro

United States District Court
Northern District of California

4

se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned up). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

**B.     Application**

Having reviewed Plaintiff's allegations, the undersigned finds the Court lacks jurisdiction over Plaintiff's claims as alleged. "Federal courts are courts of limited jurisdiction and generally can resolve only the cases that Congress grants them power to hear." *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 424 (2026). As relevant here, Congress in 28 U.S.C. § 1331 granted federal district courts "original jurisdiction of all civil actions" raising federal questions. However, under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, "[d]istrict courts generally lack 'any power to review directly cases from state courts.'" *T. M. v. Univ. of Maryland Med. Sys. Corp.*, __ U.S. __, 2026 WL 1751823, at *5 (U.S. June 18, 2026) (quoting *Atl. Coast Line R. Co. v. Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). "Instead, [the U.S. Supreme] Court is the only federal court with appellate jurisdiction to review state-court judgments, and that jurisdiction extends only to '[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had.'" *Id.* (quoting 28 U.S.C. § 1257(a)); *Atl. Coast Line*, 398 U.S., at 286 ("[F]rom the beginning we have had in this country two essentially separate legal systems" with "[e]ach system proceed[ing] independently of the other with ultimate review in [the U.S. Supreme] Court of the federal questions raised in either system.").

*Rooker-Feldman* also prohibits federal district courts from considering "de facto appeals"—suits in which "the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Thus, "*Rooker-Feldman* looks to federal law to determine 'whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" *Id.* at 900 (quoting *Garry v. Geils*, 82

United States District Court
Northern District of California

5

F.3d 1362, 1365 (7th Cir. 1996)). And when the federal action constitutes a forbidden de facto appeal of a state court judgment, the federal court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). Although the doctrine is narrow, it applies whenever the federal claims are "inextricably intertwined" with a prohibited de facto appeal. *Id*. The phrase "inextricably intertwined" describes claims that succeed only if the district court concludes that the state court wrongly decided the issues before it. *Id*. at 1158–60.

Although Plaintiff expressly alleges she "does not ask the Court to reverse the state judgment," Compl. at 1, this Court's jurisdiction depends upon the substance of the relief requested rather than the labels attached to the complaint. *See Noel*, 341 F.3d at 1163–64. Here, Plaintiff's alleged injuries arise directly from the state-court judgment and the subsequent efforts to enforce that judgment. Plaintiff repeatedly alleges the judgment was entered without a sufficient factual basis, the state court improperly imposed contractual attorney-fee liability, the underlying record was constitutionally defective, appellate proceedings failed to correct those errors, and enforcement of the judgment violates due process. *See generally* Compl. These allegations are inextricably intertwined with the state court judgment.

The relief Plaintiff seeks confirms that she asks this Court to review and reject the state-court judgment. Plaintiff seeks temporary, preliminary, and permanent injunctions preventing enforcement of the attorney-fee judgment while this Court determines whether the judgment rests upon constitutional defects. Compl. at 4 ("Plaintiff seeks temporary, preliminary, and permanent injunctive relief restraining enforcement activity based on the disputed attorney-fee judgment until the Court can review whether ongoing enforcement is proceeding without constitutionally adequate notice, record integrity, and meaningful opportunity to be heard."), 18 ("Issue temporary and preliminary injunctive relief staying enforcement of the disputed attorney-fee judgment, including liens, collection, sale pressure, debtor examinations, and property-related enforcement, until due process and appellate-record issues are reviewed."). She likewise requests declaratory relief that would necessarily undermine the validity of the judgment and its enforcement. *Id.* at 4 ("Plaintiff also seeks declaratory relief that the continuing enforcement structure, as alleged,

United States District Court
Northern District of California

6

violated due process by proceeding despite missing filings, fragmented appellate records, unresolved motions, and unclear assignment/enforcement authority."), 18 ("Declare that ongoing enforcement without meaningful notice, record integrity, language access, and opportunity to be heard violates due process.").  Granting such relief would require this Court to determine that the state courts erred in entering or permitting enforcement of the judgment, yet granting the requested relief is precisely what *Rooker-Feldman* prohibits.  *See Cooper v. Ramos*, 704 F.3d 772, 777–79 (9th Cir. 2012) (explaining that *Rooker-Feldman* bars federal claims whose injuries are caused by a state court judgment).  Nor does Plaintiff's request for declaratory or injunctive relief alter the jurisdictional analysis.  Federal district courts lack authority to issue orders effectively nullifying or preventing enforcement of state-court judgments, as such relief would constitute appellate review reserved exclusively to the United States Supreme Court.  *See* 28 U.S.C. § 1257; *Noel*, 341 F.3d at 1158.

Plaintiff also alleges numerous procedural irregularities occurring during trial, post-judgment proceedings, and appellate review, including alleged missing filings, incomplete appellate records, discovery deficiencies, interpreter-access issues, and improper assignment of the judgment.  While framed as constitutional violations, these allegations are offered to demonstrate that the judgment should not have been entered or enforced.  They therefore remain inextricably intertwined with Plaintiff's challenge to the validity of the state court judgment because the requested relief would require this Court to conclude that the state courts reached erroneous decisions regarding the judgment and its enforcement.  The Ninth Circuit has repeatedly held that plaintiffs may not avoid *Rooker-Feldman* by recasting attacks on state judgments as constitutional claims.  *See Noel*, 341 F.3d at 1163–65; *Reusser*, 525 F.3d at 859–60; *Bianchi*, 334 F.3d at 898–901.

Regardless of how Plaintiff's claims are characterized, the injuries alleged stem from the state court's judgment and its enforcement, and the relief requested would require this Court to review and reject state court determinations.  As such, the undersigned finds the Court lacks subject matter jurisdiction.

United States District Court
Northern District of California

7

### V.    CONCLUSION

For the reasons above, the Court **GRANTS** the application to proceed in forma pauperis but finds the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e).  However, given the pro se status of Plaintiff, and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant Plaintiff the opportunity to file an amended complaint.  Accordingly, the Court **ORDERS** Plaintiff to file an amended complaint by July 31, 2026.

#### A.    Requirements for Amended Complaint

The Court advises Plaintiff that an amended complaint replaces a prior complaint, meaning the prior complaint is treated as non-existent.  *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (internal quotations and citation omitted).  Thus, nothing from the prior complaint shall be considered or deemed part of the pleadings in this action.  Instead, any amendment must include all the facts and claims to be presented and all the defendants that are to be sued.  In addition, any amended complaint must include the following sections:

**Caption Page**
On the first page, list the names of the defendant(s), the case number used in this order (26-cv-06240-TSH), the title ("FIRST AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.

**Form of Pleadings**
The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

**Subject Matter Jurisdiction**
The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case.  A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.

**Parties**
In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.

United States District Court
Northern District of California

**Statement of Facts**

Explain the important facts in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.

**Claims**

Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

**B.    Assistance for Self-Represented Litigants**

The Court encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.  You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case.  The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: July 6, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge