United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIYING TAO,
Plaintiff,
v.
CHRISTOPHER MORELAND, et al.,
Defendants.

Case No. 26-cv-06240-WHO

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND ORDER RE SERVICE**

Re: Dkt. No. 23

Plaintiff Liying Tao has been granted leave to proceed in forma pauperis and after having her initial complaint dismissed under 28 U.S.C. § 1915(e) for failure to state an actionable claim, her First Amended Complaint was allowed to proceed and service ordered. Dkt. Nos. 14, 18. Before service could be effectuated, plaintiff filed a motion seeking leave to file a Second Amended Complaint. Dkt. No. 23.

**BACKGROUND**

Plaintiff's initial complaint was dismissed in full by Magistrate Judge Thomas S. Hixson, who appropriately found that plaintiff's complaint was barred by the *Rooker-Feldman* doctrine. Dkt. No. 14. Judge Hixson explained that all of plaintiff's claims – asserted against an opposing party and attorneys involved in state court proceedings against Tao, as well as the Alameda County Superior Court Executive Officer – were barred because claims asserted and the relief Tao sought challenged the underlying state court proceedings that resulted in a judgment against her ("2023 judgment") and related enforcement proceedings. *Id*. Judge Hixson dismissed all claims because while Tao asserted that she was not challenging the state court judgment, the relief she sought – damages to cover the 2023 judgment and preventing enforcement of the 2023 judgment – was "inextricably intertwined" with the state court judgment and barred by *Rooker-Feldman*. *Id*. Judge Hixson was concerned that Tao could not amend to state a claim that was not barred, but

allowed her leave to amend to attempt to do so. *Id*.

On July 31, 2026, plaintiff filed her First Amended Complaint. Dkt. No. 17 ("FAC"). Judge Hixson ordered the FAC served on defendants and the case was reassigned to me. Dkt. Nos. 18, 20. On August 18, 2026, Tao filed a request for leave to file a Second Amended Complaint. Dkt. No. 23 ("Proposed SAC"). The SAC is materially similar to the FAC, except Tao adds "two procedural facts" to her existing allegations "concerning disputed receipts, unresolved factual issues, the original judgment, and the later amended judgment" entered in March 2023 by the Alameda County Superior Court. Dkt. No. 23 at 1.

The motion for leave to file the SAC is GRANTED. The SAC at Dkt. No. 23-1 is the operative complaint in this case. However, under 28 U.S.C. § 1915(e), I have a continuing duty to screen plaintiff's operative pleadings to make sure Tao is able to state a non-frivolous claim.

**DISCUSSION**

Reviewing the SAC, while plaintiff continues to assert that she does not seek to "challenge" the state court proceedings or the 2023 judgment, she continues to complain exclusively about problems with the state court proceedings that she contends resulted in the entry of the 2023 judgment against her and that are occurring with respect to unidentified "enforcement proceedings" on that judgment. The identified problems include: missing documents from the court record, a lack of Cantonese interpreters, a lack of notice or accurate notice of hearing dates, and the Superior Court's failure to properly file pleadings and maintain accurate records. *See* SAC ¶¶ 1-6. In her original complaint, the FAC, and through to the SAC, Tao continues to allege that these problems amounted to "federal due process violations" and led to the entry of the judgment in March 2023 and the subsequent enforcement proceedings, and she seeks damages and declaratory relief as a result. SAC ¶¶ 85-86 (seeking her attorney fees and the amount of the 2023 judgment as damages).

As Judge Hixson noted in his previous Order, these claims are barred by *Rooker-Feldman*. *See, e.g., Sessions v. Solano Cnty. Health & Soc. Servs*., No. 2:25-CV-2936-DAD-CKD (PS), 2026 WL 1847381, at *2 (E.D. Cal. June 26, 2026 ("Specifically, plaintiff's claims for damages asserting procedural due process violations in connection with family court proceedings are

improper de facto appeals of the state court judgment because they are 'inextricably intertwined with the state-court judgment' and can succeed only to the extent the state court wrongly decided the issues before it."). To the extent that due process issue arose in the state court proceedings – related to lack of notice, lack of interpreters, failure to process filings, or an incomplete court records – Tao could have and should have raised those due process claims on direct appeal within the California court system.[1]

To the extent plaintiff seeks to challenge the ongoing or future enforcement proceedings following the entry of the 2023 judgment, this court cannot enjoin state court proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Yelp Inc. v. Paxton*, 137 F.4th 944, 950 (9th Cir. 2025) (explaining *Younger* abstention applies to proceedings involving "a state's interest in enforcing the orders and judgments of its courts" and where state court "allow litigants to raise federal challenges"). Even if plaintiff believes her due process rights are being violated on an ongoing basis by the failure of Alameda Superior Court to provide notice, complete records, or full translation with respect to enforcement proceedings, those arguments and potential defenses to particular enforcement proceedings must be raised in those state court proceedings. *Yelp, Inc.*, 137 F.4th at 952 ("defenses to the state court action, including constitutional defenses, may be raised in state court").

While plaintiff attempts to cast her claims as not challenging the judgment, but challenging "independent deficiencies concerning access to records, language services, and meaningful participation" exacerbated by missed or inaccurate hearing notices and the failures of the Superior Court to process filing, the harms she claims are all tied to the March 2023 judgment, the appellate proceedings in Superior Court from 2024 through 2026, and the post-judgment assignment and enforcement proceedings from late 2024 through the present. SAC ¶¶ 39, 49, 58, 67, 70, 76-77. She admits that the *harm* from the alleged procedural violations by the Alameda Superior Court is

---

[1] While plaintiff alleges that Moreland (a named defendant) and perhaps Moreland's attorneys (also named as defendants) submitted rent receipts that Tao claims were fraudulent, the veracity of those documents was challenged by Tao during the proceedings and resolved by the Superior Court. Those allegations are not the sort of "extrinsic fraud" that fall within the *Rooker-Feldman* exemption. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004).

that they "substantially impaired her opportunity to obtain meaningful appellate review" of the 2023 judgment and now she faces enforcement of that judgment. SAC ¶¶ 70, 79. The damages she seeks includes her own attorney fees and expenses, the opposing party's attorney fees ("Amended Judgment"). *See* SAC ¶¶ 85-86.

Under *Rooker-Feldman* and *Younger*, plaintiff is barred by securing relief for the "harm" she complains of--the damages stemming from the 2023 judgment and its ongoing enforcement. That said, plaintiff may be able to allege a claim based solely on possible failures of Alameda County Superior Court to provide her "meaningful access" to court proceedings, as long as plaintiff seeks only injunctive relief that would not undermine the 2023 judgment or seek to preclude unspecified "future" enforcement actions. The only defendant plaintiff names in her SAC that could be possibly responsible for this claim would be the Alameda County Superior Court Executive Officer, who Tao sues in an official capacity. SAC ¶ 16.

Plaintiff has *not* alleged any actionable claims against the other defendants. She names as defendants in the SAC her opponent in the state court proceedings, the legal services organization that represented him, the attorneys from that organization, and the law firm and attorneys who are attempting to enforce the judgment for attorney fees. SAC ¶¶ 11-15, 71, 73. She alleges that these defendants are liable for the infringement of her constitutional rights under 42 U.S.C. § 1983 based on their "joint participation" with "state officials in specific state-assisted enforcement measures, and that the alleged deprivation resulted from independent procedural deficiencies rather than merely from the existence of a state-court judgment." SAC ¶ 103. She argues that because "one or more" of these defendants "actually received" plaintiff's written objections to the "assignment" of the judgment as well as her complaints about "missing docket materials, access to records, notice deficiencies, and the need for Cantonese" interpreters in the Superior Court proceedings, these defendants "nevertheless requested, advanced, or participated jointly in new state-assisted enforcement measures without first ensuring that Plaintiff received clear notice, relevant operative materials, appropriate language access, and a meaningful opportunity to be heard," and are jointly responsible with the Superior Court for her constitutional injuries. SAC ¶¶ 103-107.

The problem for Tao is that these entities and individuals are not state actors acting under "the color of law" that could be liable for the constitutional violations. *West v. Atkins,* 487 U.S. 42, 49 (1988) ("A defendant has acted under color of state law where he or she has 'exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Although private actors can conspire with state actors to inflict constitutional violations, plaintiff fails to identify any acts by the entities and individuals that plausibly could show that these defendants exercised *any* control over provision or the denial of the *services* that plaintiff complains harmed her (*e.g.,* Alameda County Superior Court's failure to provide interpreters, notices, access to accurate court records). *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003 ("Plaintiff cannot sue Mirante's counsel under § 1983, because he is a lawyer in private practice who was not acting under color of state law. Plaintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient.").

That these firms and individuals simply used or are using the state court processes to bring their claims or enforce the judgment against Tao does not show they conspired or acted jointly with unidentified individuals in the Alameda Superior Court to deprive Tao of her constitutional rights.[2] Plaintiff's remedy, if any, for the alleged failure of the Alameda Superior Court to provide her those services is against that court, not against these private entities and individuals.

**CONCLUSION**

Plaintiff's motion for leave to file her SAC is GRANTED and the pleading at Dkt. No. 23-1 is the operative complaint.

All claims alleged with respect to the entry of the 2023 judgment and enforcement efforts that seek to recover damages are DISMISSED, without further leave to amend, as barred by

[2] The acts of these entities and firms in seeking relief through the state court proceedings, including the enforcement proceedings, are also privileged under California law. *See, e.g., Rusheen v. Cohen*, 37 Cal. 4th 1048, 1065 (2006) ("the litigation privilege extends to . . . acts necessary to enforce the judgment").

*Rooker-Feldman* or under *Younger* abstention.

The claims against the private entities and individuals[3] based on "joint participation" with the Alameda Superior Court in denying plaintiff's ability to meaningfully participate in the state court proceedings are DISMISSED without further leave to amend.

The only claim to survive 28 U.S.C. § 1915(e) review is the possible claim seeking injunctive relief to prevent further deprivations of plaintiff's constitutional rights and access to court proceedings asserted against the Alameda Superior Court Executive Officer. I am not finding that plaintiff has stated this claim, only that is it not frivolous or barred on its face. Under the service order issued by Magistrate Judge Hixson, the Clerk of Court shall issue the summons, and the Clerk's Office or the U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the complaint, any amendments or attachments, the affidavit, and this order upon that remaining defendant.

**IT IS SO ORDERED.**

Dated: September 8, 2026

William H. Orrick
United States District Judge

[3] Christopher Moreland, East Bay Community Law Center, Marc S. Janowitz, Hannah Flanery, Pedro Viramontes, Kobre & Kim LLP, Michael K. Ng, Nicholas A. Ickovic, Darryl G. Stein, and Ryan C. Mullally.