United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIYING TAO,
Plaintiff,

v.

CHAD FINKE,
Defendant.

Case No. 26-cv-06240-WHO

**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

Re: Dkt. No. 30

The remaining claim in this action, filed by pro se plaintiff Lying Tao, is for injunctive relief to prevent the deprivation of plaintiff's constitutional right of access to Alameda County Superior Court. The claim concerns "state-court case-number and docket administration, access to court files and records, notices concerning attorney-fee and fee-waiver hearings, notice of judgment assignment and enforcement, identification of the persons and entities directing enforcement, Cantonese-language access, and a meaningful opportunity to receive notice and be heard" before court actions). Second Amended Complaint (Dkt. No. 23-1, "SAC") ¶¶s 2, 93. The remaining defendant per my prior Order, Dkt. No. 26, is the Alameda County Superior Court Executive ("Court Executive"), who now moves to dismiss. Dkt. No. 30.[1]

The Eleventh Amendment "shields state officials from official capacity suits" except for those seeking *prospective* declaratory or injunctive relief. *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010); *Ex parte Young*, 209 U.S. 123, 160 (1908). Official capacity suits for "prospective injunctive relief" are not barred by the Eleventh Amendment where the plaintiff pleads "factual allegations from which the court could plausibly conclude" that the state officials had a "fairly direct connection with the

[1] I find this matter appropriate for resolution on the papers and VACATE the November 24, 2026 hearing. *See* Civ. L.R. 7-1(b).

United States District Court
Northern District of California

enforcement" of the provision at issue. *Bolbol v. Brown*, 120 F. Supp. 3d 1010, 1018 (N.D. Cal. 2015); *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992); *Almond Hill Sch. v. U.S. Dep't of Ag.*, 768 F.2d 1030, 1034 (9th Cir. 1985). "That connection 'must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit.'" *Ass'n des Elevuers de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (citation omitted).

Tao's allegations fail to show that she is seeking *prospective* injunctive relief to prevent an ongoing or otherwise imminent future violation of her constitutional right to access proceedings in the Alameda County Superior Court. "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (internal quotation marks and citations omitted). The typical example is a complaint that asks that officials be enjoined from violating federal law. *See id*. (collecting examples). Tao's SAC is backward-looking. All of her allegations concern discrete, past events with respect to allegedly confusing notices issued by the court, incorrect dockets, and failures by the court to allow her to file electronically or receive a fee waiver. These acts took place pretrial in 2022, during her 2023 jury trial, and through her appellate proceedings in 2024 and 2025. *See generally* SAC.

There are a few allegations in her SAC from 2026, but those concern printouts of dockets from 2023 (SAC ¶ 61) and her attempts in 2026 to reopen closed appellate proceedings. SAC ¶¶ 67-69. Any confusion on Tao's part over the closed appeals – which she alleges "substantially impaired her opportunity to obtain meaningful appellate review of the March 23, 2023 Amended Judgment," an issue that she recognizes cannot be litigated in this action – does not show a need for prospective relief against Alameda Superior Court. There is no indication that Tao is involved in any proceedings *pending* in the Alameda County Superior Court or that the Court Executive is currently or might imminently take any action to restrict Tao's access to superior court

United States District Court
Northern District of California

proceedings there.[2]

Moreover, in order to fall within the *Ex parte Young* exception, Tao needs to allege that the Court Executive had a "direct connection" to acts she alleges are currently or might imminently deprive her of access to the Alameda County Superior Court. *Harris*, 729 F.3d at 943. A "generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). Tao complains generally that dockets in her cases were inaccurate, pleadings were not properly filed, notices were confusing, she did not receive a fee waiver, and judges on a few occasions did not provide immediate Cantonese translation. *See, e.g.*, SAC ¶¶40-43, 47 (inaccurate or untimely notice); ¶¶ 44-45 (no access to electronic filing or fee waivers); ¶¶ 32, 38 (no immediate Cantonese interpretation). There is no allegation that the Court Executive had any role, much less a direct role, in the ministerial or judicial acts plaintiff identifies.

This is not a custom, policy, or practice case. It is instead a situation where Tao alleges what appear to be discrete, isolated events that occurred to her. There is no doubt that these events inconvenienced her and may have made it more difficult or time-consuming for her to pursue her claims. But that does not amount to a municipal policy or custom that resulted in a deprivation of her constitutional right of access to the court. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), *holding modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

Normally, leave to amend is liberally granted, especially where the plaintiff is proceeding pro se. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is

---

[2] At most, Tao alleges that "enforcement pressure has expanded to liens, debtor examinations, possible pressure to sell property, and related litigation in Sacramento County." SAC ¶ 80. However, the only relief possible in this case is prospective relief for proceedings in Alameda County Superior Court.

absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted)). Here, Tao had the opportunity to file a Second Amended Complaint, which focuses exclusively on isolated, past ministerial or judicial acts. Her opposition brief failed to identify any facts that she could add to a further amended complaint to show that she is party to current or anticipated proceedings in Alameda Superior Court, that she is suffering from any ongoing access issues in Alameda Superior Court, and that any ongoing access violations are directly connected to the Court Executive and the result of a custom or policy of Alameda County Superior Court. Further leave to amend is not warranted with this record.

The defendant's motion to dismiss is GRANTED without leave to amend. The Clerk shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: November 16, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California